Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
|  | CIVIL ACTION 15-cv-09123 |
| IRIS COTTO, |  |
| Plaintiff, |  |
| v. |  |
| THE CITY OF NEW YORK, POLICE OFFICER JOHN DOE (AN OFFICER OF THE 48TH PRECINCT AKA POLICE OFFICER DAVID J. COOTE, SHIELD# 019647) | AMENDED COMPLAINT   JURY DEMAND AS TO ALL COUNTS |
| Defendants. |  |

_____

## INTRODUCTION

IRIS COTTO ["COTTO"] a resident of Bronx County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest

2. Violation of 42 U.S.C. 1983: False Imprisonment

3. Violation of U.S.C. 1983: Excessive Force

4. Assault and Battery

5. Violation of 42 U.S.C. 1983: Malicious Prosecution

6. Intentional Infliction of Emotional Distress

7. Violation of 42 U.S.C. 1983: Conspiracy

8. Negligence

**JURISDICTION**

1. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, over claims arising under 42 U.S.C. § 1983.

2. Supplemental jurisdiction over COTTO's pendent state law claims exists pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has complied with the requirements of New York General Municipal Law Section 50-H. COTTO made and served a notice of claim on all municipal defendants, within the time required by New York General Municipal Law Section 50-e. More than thirty days have elapsed since the service of those notices, and no offer of settlement has been made.

**VENUE**

1. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, the judicial district in which the claims arose, in which COTTO currently resides, and in which defendants NYPD, namely 48th Precinct, conduct their business and where the underlying incident alleged occurred.

**JURY DEMAND**

1. Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff requests a jury trial on all issues and claims set forth in this Complaint.

## PARTIES

1.  Plaintiff COTTO  is, and at all times material to this Complaint was, a citizen and resident of the State of New York.  She resides in Bronx, NY.

2.  Defendant City of New York is a properly incorporated municipality for and under the purposes of Monell and its progeny.

3.  Police Officer Coote at all times since the instant allegations arose was a police officer of the NYPD.

## FACTS

1. On or about April. 28, 2013 COTTO was driving her vehicle, a Blue 1997 Ford Expedition.

2. COTTO was en route to pick up her boyfriend Joseph Arroyo ("Arroyo").

3. ARROYO was present at all times described in this hereinafter complaint.

4. COTTO met ARROYO on East 187th Street in the Bronx, and he entered her vehicle, prior to the underlying arrest.

5. Upon picking up ARROYO, COTTO noticed she needed gas for her vehicle.

6. She began driving toward the local gas station she was familiar with.

7. She turned toward the direction of B&B Auto Parts located at 1255 East 180th Street, in Bronx County.

8.  As COTTO headed in the direction of the Auto Parts store, toward the gas station, she reached the intersection of East Tremont and Hughes Avenues and was ordered to pull over via a police loud speaker.

9. At the moment she was not aware of any violation or infraction of any rule or regulation she had committed.

10.  COTTO was about her wits, and had not had any beverage nor substance which would affect her perception or ability to manage her vehicle.

11.  There were no defects, at the time of this instant incident, enabling the vehicle to function in normal operating capacity.

12.  COTTO complied and pulled over as soon as it was safe for all other vehicles and pedestrians in the area.

13. Upon stopping her vehicle COTTO was dragged out of the vehicle by three officers.

14.  She was physically dominated and forcefully made to exit the vehicle against her will.

15.  ARROYO witnessed the entirety of this scene.

16.  BOTH ARROYO and COTTO were handcuffed.

17.  Plaintiff COTTO was arrested.

18.  The arresting officer used excessive force in effectuating the arrest, to whit COTTO was caused to suffer significant injuries to her body, specifically to her leg, resulting in the need for the use of a cane for assistance to walk.

19.  Injury was caused to her leg as Defendant Officer Coote repeatedly slammed the door on her leg, causing significant and protracted injury and damage to her body.

20.  COTTO was also maced directly to her face, resulting in red eyes, pain, tearing, an inability to see clearly for a significant period of time.

21.  FURTHERMORE, COTTO notes that during her arrest she was punched by closed fist causing significant pain and redness, contusion, abrasion and injury to her body and face.

22. COTTO was then brought to the 48th Precinct, and eventually to Central Bookings after being processed.

23.  COTTO mentioned, repeatedly, that she needed medical attention to the officers that directly caused her injuries, however, her cries were ignored and no medical attention was sought.

24.  Medical treatment was purposely denied although the extent of the injuries were clear and evident.

25.  This failure serves to aggravate the actions of the officer(s) in question whom purposely allowed COTTO to suffer over an extended period of time after having caused her injuries.

26.  COTTO was arraigned after being detained for two days.

27.  Bail was set in the amount of $2,000.00, an amount COTTO could not immediately afford, and was thus sent to Rikers Island.

28.  ALL CHARGES were ultimately dismissed on December 12, 2013.

29.  The basis of the dismissal was that the lab report on the alleged crack cocaine that COTTO possessed came back negative noting no trace of any contraband.

30.  COTTO was caused to suffer severe emotional distress as a result of the instant incident.

31.  COTTO has needed to attend regular physical therapy sessions.

32.  COTTO has not been able to regain the ability to walk normally as she could prior to this instant incident.

33.  COTTO has suffered severe emotional distress s a result of this incident.

34.  COTTO was detained against her will in central booking and then detained at Rikers Island.

35.  NYPD officers systematically, and without care or regard for the well-being of COTTO acted maliciously, purposely, and with intent of causing significant injury causing aid injury to COTTO.

## ILLEGAL STOP
## OF COTTO

1.  COTTO was not alleged to have been engaged in any illegality at the time of her stop.

2.  There was no warrant presented for her arrest.

3.  No warrant was ever obtained for her arrest.

4.  the evidence cannot support any illegality or wrong doing on the part of COTTO

5.  The officers in question improperly reached a conclusion that COTTO was engaged in illegality based on insufficient evidence and lacking sufficient cause to make such determination.

6.  No evidence was presented in the accusatory instrument of any rationale as to why the officers were NOT limited to the usual requirements of law and sufficient cause to make an arrest of COTTO.

## WRONGFUL SEARCH OF COTTO

1.  COTTO was searched without cause and without reason.

2.  The items recovered from her and vouchered against her were NOT contraband.

3.  The officer utilized an illegal stop as the basis for an illegal search under the fruit of the poisonous tree doctrine.

## PRESUMPTION OF PROBABLE CAUSE

1.  No Grand Jury ever voted to indict on this matter, as such no presumption of probable cause exists.

## EVIDENCE CLEARED COTTO
## YET PROSECUTION PERSISTED

1.  The lab report clearly notes that the alleged crack cocaine recovered was NOT crack cocaine.

## DAMAGES

1.  The actions of the defendants deprived plaintiff COTTO of her civil rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the laws and Constitution of the State of New York.

2. The unlawful, intentional, willful, deliberately indifferent, reckless, and/or bad-faith acts and omissions of the defendants caused COTTO to be wrongly seized, maliciously prosecuted, unfairly subjected to illegal searches and cruel and unusual punishment during the course of her prosecution and incarceration.

3.  The unlawful, intentional, willful, deliberately indifferent, reckless, negligent, and/or bad-faith acts and omissions of the defendants caused COTTO the following injuries and damages, which continue to date and will continue into the future: multiple physical assaults and batteries, including assaults of a sexual nature, and other physical injuries; pain and suffering; severe mental anguish; loss of educational opportunity; loss of professional opportunity; loss of income; out-of-pocket legal expenses for appellate representation; infliction of physical illness; inadequate medical care; humiliation, indignities and embarrassment; degradation; permanent loss of natural psychological development; and restrictions on all forms of personal freedom including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, personal fulfillment, sexual activity, family relations, reading, television, movies, travel, enjoyment, and expression, for which he is entitled monetary relief.

4.  Finally, and more specifically have caused COTTO to suffer significant injury to her leg requiring extensive physical therapy and permanent damage to her leg and her ability to walk and ambulate herself.

5.  All the acts and omissions committed by the defendants described herein for which liability is claimed were done intentionally, unlawfully, maliciously, wantonly, recklessly, negligently and/or with bad faith, and said acts meet all of the standards for imposition of punitive damages

**COUNT 1**

**42 U.S.C. § 1983 False Arrest of Ms. Cotto**

**as Against All Defendants**

1. COTTO  hereby incorporates by reference all of the foregoing paragraphs and further

alleges as follows:

2.  As against Defendant Coote, COTTO notes that she was placed into handcuffs and beaten by the

Officer and several of his co-assailants. Defendant was acting within the scope of his employment

as a police officer of the City of New York and was in full uniform at the time of the incident.

Furthermore, Defendant drove a vehicle clearly demarked as a NYPD police vehicle, and utilized

special equipment (loud speaker) on said vehicle to stop Plaintiff COTTO at the time of the

incident.

3.  No probable cause existed at the time of the arrest, nor is there a presumption based on

indictment as the matter was never indicted.

4.  Defendant City of New York, under Monell, is liable under a theories of

    I.    Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147,

        in that the NYPD has been found to have a policy of stop and frisk which illegally

        targets persons of color for illegal stops searches and seizures of their person. See

        Floyd v. City of New York, 959 F Supp. 2d 540.

    II.    IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND

        PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez

        v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v,

        County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally

        constructive knowledge of a practice is sufficient for liability. We would ask the

        Court take judicial notice of Floyd, regarding this custom and practice.

III.    IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and in a wonton manner without reprieve. There is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and no further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

5.  As a direct and proximate result of the defendants' actions Ms. COTO was wrongly charged, detained and placed bail upon, and suffered the other grievous and continuing injuries and damages as set forth above.


# COUNT II

## 42 U.S.C. § 1983 False Imprisonment

## Against ALL DEFENDANTS


1.  COTTO hereby incorporates and references all of the foregoing paragraphs and further alleges as follows:

2.  Defendants acting individually and in concert, falsely imprisoned PLAINTIFF, thereby depriving COTTO of her Fourteenth Amendment (as incorporated) right not to be illegally seized.

3.  Specifically, Defendant Coote and his cohorts illegally detained and imprisoned COTTO for a crime they knew she did not commit, which she denied, and which a lab report later would corroborate had not occurred.

4. COTTO was aware of the imprisonment

5. She did not consent

6. There was no privilege nor cause

7. Furthermore, deliberately and recklessly failed to investigate leads pointing toward COTTOs innocence, including but not limited to seeking an immediate lab report.

8. Defendant Coote is liable as he directly took COTTO into custody and caused her arrest and detention.

9. Defendant City of New York, under Monell, is liable under the following theories

   IV.     Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147, in that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d 540. The imprisonment stemming from such claims must inherently be seen as false imprisonment.

   V.      IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here, the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. Here, the Court must clearly note that there is pattern of detainees being held subsequent to bail, and more aptly that custom of NYPD officers is to engage in such reckless behavior causing injury and false imprisonment to citizens.

   VI.     IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers misbehavior and failure to act consciously in their duties. No further

training has been implemented as a result, and not further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to falsely arrest, detain, and imprison citizens given recent trends this may in actuality not be true at all, and seemingly the need has never in actuality been greater.

10. As a direct and proximate result of the defendants' actions COTTO was wrongly imprisoned, and suffered the other grievous and continuing injuries and damages as set forth above.

## COUNT III

### 42 U.S.C. § 1983 Excessive Force
### As Against All Defendants

1. COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2. Defendants, despite knowing that probable cause did not exist, arrested and prosecuted COTTO.

3. Excessive force was used, to whit Defendant suffered significant injuries a the hands of the officers in question.

4. Case law permits the resistance of an unlawful arrest, given the lack of a presumption of probable cause and lab reports showing no criminality we would present that ANY resistance of this arrest would have been appropriate and as a result and force to meet said resistance must undoubtedly fail the test of legality.

5. Furthermore, there is no allegation of resistance in this matter, and as a result the Court should find given the injuries that force was used, and that said force was unreasonable.

6. Defendant Coote is liable as he directly caused the injuries to COTTO with the assistance of his cohorts.

7. Defendant City of New York, under Monell, is liable under the theory:

      VII.    The above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability. Here there have been a multitude of excessive force claims in this district alone, and more specifically against this defendant… as such the Court should properly take an inference of knowledge against this instant Defendant.

      VIII.   IN THE ALTERNATIVE, the above should be clear evidence of a failure to train on the part of Defendant City of New York as clearly officers behave rampantly and rapaciously without reprieve, there is without question clear evidence of officers' misbehavior and failure to act consciously in their duties. No further training has been implemented as a result, and not further education provided. City of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to train given recent incidents, AS WELL AS constructive notice (See Sornberger v. City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train officers not to brutally injure, beat, and disfigure citizens the proliferation of such events would clearly seem to state otherwise.

8. As a direct and proximate result of the defendants' actions, COTTO suffered physical harm and injury.

**COUNT IV**

**42 U.S.C. § 1983 Claim for ASSAULT & BATTERY**

**1.** COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. COTTO was physically assaulted and battered by Officer Coote and his cohorts she was beat about the face and body, maced, and repeatedly had a car door slammed into her leg.

3. The physical attack was not privileged nor was there any cause for said attack, nor was said physical aggression part of any lawful arrest.

4. Defendant COOTE is personally liable and professionally liable as a result of personally engaging in this attack.

5. Defendant New York City is liable under a Monell claim as follows:

- As a theory of respondeat superior as to any and all state claims.

- Defendant City of New York, under Monell, is liable under the theory

> IX.     Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147. In the that the NYPD has been found to have a policy of stop and frisk which illegally targets persons of color for illegal stops searches and seizures of their person. See Floyd v. City of New York, 959 F Supp. 2d 540. Arguably an Illegal stop and search clearly constitute an assault/battery as such we would present prior case law within this District note a history of an official policy, we ask the Court take judicial notice of Floyd.

> X.      IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally

constructive knowledge of a practice is sufficient for liability. We would ask the
Court take judicial notice of Floyd, regarding this custom and practice.

XI.     IN THE ALTERNATIVE, the above should be clear evidence of a failure to train
on the part of Defendant City of New York as clearly officers behave rampantly
and rapaciously without reprieve, there is without question clear evidence of
officers' misbehavior and failure to act consciously in their duties. No further
training has been implemented as a result, and not further education provided. City
of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to
train given recent incidents, AS WELL AS constructive notice (See Sornberger v.
City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train
officers not to brutally injure, beat, and disfigure citizens the proliferation of such
events would clearly seem to state otherwise.

**COUNT V**
**42 U.S.C.  § 1983 Malicious Prosecution**

1. COTTO hereby incorporates by reference all of the foregoing paragraphs.

2.  Defendant City of New York, through its agent the Assistant District Attorney assigned to the
matter, maliciously prosecuted COTTO.

3.  To whit, Defendant continued to prosecute COTTO although they were clear they did not have a
case. More specifically, the lab reports tested negative and no controlled substance was in the
possession of COTTO.

4. Defendant was in possession of the alleged controlled substance and could have tested it at any juncture, especially given the position of COTTO that she was innocent and possessed no controlled substance.

5. COTTO was charged with a crime; i.e. a prosecution was commenced against her.

6. The prosecution terminated favorably in that the matter was fully dismissed

7. Finally, we allege maliciousness on the part of the People in that they were again aware of the fact that the alleged controlled substance was not in actuality a controlled substance. Secondarily, the people were in possession of this substance maliciously, purposely, recklessly, and without cause delayed the testing of said substance although the crux o the defense was ALWAYS that there was no controlled substance present in what the police seized.

8. Defendant City of New York, under Monell, is liable under the  theory

   • Under Pembaur v. City of Cincinnati, 475 US 469, the Court held that the decision of a final policy maker could constitute official policy. In the instant matter there clearly was a decision to continue prosecution as against COTTO, regardless of if the decision was made at the level of the ADA handling the case or the District Attorney himself, we would present that this individual by definition acted as a final decision maker and as such for Monell purposes liability should properly lie

   XII.    Officially promulgated policy, under Lanier V. City of Woodburn, 518 F3d 1147.
           In that the District Attorneys office regularly prosecutes cases and makes decisions to continue prosecutions as against defendants under the weight of the evidence,

XIII.    IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v, County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally constructive knowledge of a practice is sufficient for liability.

XIV.    IN THE ALTERNATIVE, the above should be clear evidence of a failure to train as ANY attorney practicing ethically and obeying the basic rules of practice of this State would understand their obligation under Brady and move to dismiss charges immediately upon a negative test for controlled substance in a matter where the only charge is possession of said substance.

## COUNT VI

**42 U.S.C. § 1983 Claim for Supervisory Liability Against CITY OF NEW YORK**

1.  COTTO hereby incorporates by reference all of the foregoing paragraphs and further states as follows.

2.  Defendant acted with deliberate indifference, recklessness, and/or gross negligence to the constitutional rights of citizens by failing to provide adequate training, supervision, and discipline of its agents, and thereby caused COTTO'S rights to due process, and rights against unlawful search and seizure, were violated.

3.  The deliberately indifferent, reckless, and/or grossly negligent conduct of defendant violated a clearly established duty.

4.  Defendant's actions and omissions proximately and directly caused COTTO to be wrongly arrested and prosecuted.

## COUNT VII

### 42 U.S.C. § 1983 Claim for INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.  COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2.  By their conduct and under color of state law, defendants and Supervisors had opportunities to intercede on behalf of COTTO to prevent a false prosecution however no one did.

3.  COTTO was detained and housed in central bookings as well as Rikers Island causing significant and extreme emotional distress given she was brutalized and charged with a crime the evidence clearly now shows she did not commit.


4.  COTTO was subjected to a dark and dirty cell containing rodents and insects, as well las other pests.

5.  The accommodations wreaked of urine and bodily fluids

6.  She was not provided food of her choosing.

7.  She was not at liberty to leave.

8.  Medical care which was requested was denied, and COTTO was caused to sit and suffer in her own blood.

9.  The Defendants' failures causing extreme emotional distress causing psychological damage and pain leading to anxiety, depression, lack of sleep, insomnia, pain.

10.  As a direct and proximate result of the Defendants' failures, COTTO was injured and suffered the other grievous and continuing injuries and damages as set forth above.

11. Defendant City of New York, under Monell, is liable under the theory:

XV.     Officially promulgated policy, under Lanier V. Woodburn, 518 F3d 1147. In the

that the NYPD has been found to have a policy of stop and frisk which illegally

targets persons of color for illegal stops searches and seizures of their person. See

Floyd v. City of New York, 959 F Supp. 2d

XVI.    IN THE ALTERNATIVE, the above should be deemed a CUSTOM AND

PRACTICE of same, Cash v. Department of Adult Probation, 388 F3d 539; Lopez

v City of Houston, 2008 WL 437056; Price v. Sery, 513 F3d 962; Marriott v,

County of Montgomery, 426 F Sup 2d 1. Here the Courts have noted that generally

constructive knowledge of a practice is sufficient for liability. We would ask the

Court take judicial notice of Floyd, regarding this custom and practice.

XVII.   IN THE ALTERNATIVE, the above should be clear evidence of a failure to train

on the part of Defendant City of New York as clearly officers behave rampantly

and rapaciously without reprieve, there is without question clear evidence of

officers misbehavior and failure to act consciously in their duties. No further

training has been implemented as a result, and not further education provided. City

of Canton v. Harris, 489 US 381 (here we would argue a clear and obvious need to

train given recent incidents, AS WELL AS constructive notice (See Sornberger v.

City of Knoxville, 434 F3d 1006). While arguably, there is no obvious need to train

officers not to brutally injure, beat, and disfigure citizens the proliferation of such

events would clearly seem to state otherwise.

## COUNT VIII

### 42 U.S.C. § 1983 Civil Rights Conspiracy Claim

1.  COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2.  Defendants, and others yet unknown agreed among themselves and with other individuals to act in concert in order to deprive COTTO of her clearly established Fourth, Fifth, and Fourteenth Amendment rights.

3.  In furtherance of the conspiracy the defendants engaged in and facilitated numerous overt acts, including, without limitation, the following:

    i.    Defendants illegally stopped COTTO.

    ii.    Defendants pulled COTTO and her boyfriend out of the car.

    iii.    Defendants maced COTTO in her eyes

    iv.    Defendants Punched COTTO in the face repeatedly, and throughout her body.

    v.    Defendants slammed a car door repeatedly on the leg of COTTO.

    vi.    Defendant's took COTTO into custody.

    vii.    She was fingerprinted

    viii.    Caused to be detained

    ix.    Was forced to be arraigned

    x.    Was detained on bail

    xi.    Was transferred to Rikers Island

    xii.    AT all times and in ALL ACTIONS Defendants acted in concert, and with a clear intention to act as a single unit in the furtherance of the assault described in this instant complaint.

**Count XII**

**State Law Claim for Malicious Prosecution
Against Defendant Coote**

1. COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows:

2. Defendants, despite knowing that probable cause did not exist to arrest and prosecute COTTO for POSSESSION OF A CONTROLLED SUBSTANCE., and despite the fact that the grand jury's probable cause determination was vitiated by the Defendants' undisclosed misconduct and by other concealed, material, exculpatory and impeachment evidence, acted individually and in concert to cause COTTO to be arrested and prosecuted for those crimes. The Defendants' conduct violated Mr. COTTO'S right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free of unreasonable searches and seizures, and proximately caused his wrongful conviction.

3. Specifically, Defendant Coote knew or in the absence of his deliberate and reckless indifference to the truth, should have known of information that probable cause did not exist to arrest and prosecute COTTO, including but not limited to the facts that the lab report was negative for a controlled substance.

4. Defendants' actions to deprive COTTO of her liberty without probable cause were in violation of clearly established constitutional law, and no reasonable police officer would have believed that the defendants' actions were lawful.

5.  As a direct and proximate result of the defendants' actions COTTO was wrongly prosecuted, and suffered the other grievous and continuing injuries and damages as set forth above.

## COUNT XIII

### State Law Claim for Intentional or Reckless Infliction of Emotional Distress

1.  COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2.  The conduct of defendants in deliberately causing, or recklessly disregarding the risk of causing, the wrongful arrest, prosecution, and incarceration of COTTO was extreme and outrageous, and directly and proximately caused the grievous and continuing injuries and damages set forth above.

3.  Defendants' actions intentionally to inflict emotion distress upon COTTO were in violation of clearly established law, and no reasonable police officer would have believed that the Defendants' actions were lawful.

## COUNT XIV

### State Law Claim for Negligent Infliction of Emotional Distress

1.  COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2.  Defendants negligently, grossly, and in breach of their duties owed to COTTO did not refrain from (a) fabricating evidence, (b) withholding material, exculpatory and impeachment evidence,

(c) failing to conduct a constitutionally adequate investigation, and (d) maliciously prosecuting COTTO.

3.  The Defendants' actions caused COTTO to suffer physical harm, including physical ailments resulting from the circumstances and duration of his wrongful incarceration, and to fear for her physical safety throughout the period of incarceration.

**Respondeat Superior Claim Against CITY OF NEW YORK**

1. COTTO hereby incorporates by reference all of the foregoing paragraphs and further alleges as follows.

2.  At all times relevant to this complaint Defendant COOTE acted as an agent of, and in the scope of his employment with, Defendant City of New York. The conduct by which Defendant COOTE committed the torts of malicious prosecution, intentional, or reckless infliction of emotional distress, and negligent infliction of emotional distress was undertaken while COOTE was carrying out his routine function as a POLICE OFFICER, and was engaged in such conduct as would have been reasonably expected by, and was in fact foreseen by, his employer.

3.  New York City is liable for COOTE's state law torts of malicious prosecution, intentional or reckless infliction of emotional distress, and negligent infliction of emotional distress under the doctrine of respondeat superior.

**WHEREFORE,** Plaintiff COTTO prays as follows:

i.   That the Court award compensatory damages to her and against the defendants, jointly

     and severally, in the amount of $5,000,000.00

ii.  That the Court award punitive damages to him, and against all non-municipal defendants, in

     an amount, to be determined at trial, that will deter such conduct by defendants in the future;

iii. For a trial by jury;

iv.  For pre-judgment and post-judgment interest and recovery of his costs, including reasonable

     attorneys' fees pursuant to 42 U.S.C. § 1988 for all 42 U.S.C. § 1983 claims; and

v.   For any and all other relief to which he may be entitled.

Respectfully submitted,

IRIS COTTO
By her attorney
August 12, 2016

_____//s//_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233