UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

IRIS COTTO,

        Plaintiff,

  - against -

CITY OF NEW YORK, et al.,

        Defendants.

----------------------------------------X

JOSEPH ARROYO,

        Plaintiff,

  - against -

CITY OF NEW YORK, et al.,

        Defendants.

----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #.
DATE FILED: 8|11|[ ]

15 Civ. 9123 (RWS)

16 Civ. 226 (RWS)

O P I N I O N

A P P E A R A N C E S:

      Attorney for Plaintiffs

      MARTINDALE & ASSOCIATES, PLLC
      380 Lexington Avenue, 17th Floor
      New York, NY 10168
      By:  Conway C. Martindale, Esq.

      Attorney for Defendant

      NEW YORK CITY LAW DEPARTMENT
      100 Church Street
      New York, NY 100007
      By:  Suzanne E. Aribakan, Esq.

**Sweet, D.J.**

Defendants the City of New York (the "City") and
Police Officer David J. Coote ("P.O. Coote") (collectively, the
"Defendants")[1] have moved to dismiss the Amended Complaints of
Iris Cotto ("Cotto" or "Plaintiff") and Joseph Arroyo ("Arroyo")
(collectively, the "Plaintiffs") pursuant to Rule 12(b)(6) of
the Federal Rules of Civil Procedure or, alternatively, Rule 56.
Plaintiffs allege false arrest (Count 1), false imprisonment
(Count 2), and excessive force (Count 3), all in violation of 42
U.S.C. § 1983; assault and battery (Count 4); malicious
prosecution in violation of 42 U.S.C. § 1983 (Count 5);
intentional infliction of emotional distress (Count 6);
conspiracy in violation of 42 U.S.C. § 1983 (Count 7); and
negligence (Count 8). Based upon the facts and conclusions set
forth below, the motions are granted and the Amended Complaints
are dismissed with prejudice.

---

[1] The First Amended Complaints in both of the above-named actions
only name the City and P.O. Coote as defendants.

1

## I. Prior Proceedings

Cotto instituted her action, No. 15 Civ. 9123, on November 19, 2015 and filed her First Amended Complaint on August 15, 2016. Her case was assigned to this Court. Arroyo instituted his action, No. 16 Civ. 226, on January 12, 2016 and filed his First Amended Complaint on October 5, 2016. Arroyo's case was initially assigned to the Honorable Edgardo Ramos and reassigned to this Court on June 1, 2017.

The motion to dismiss in Arroyo's case was filed on January 17, 2017 and marked fully submitted on April 14, 2017. The motion to dismiss in Cotto's case was filed on November 21, 2016 and was heard on May 31, 2017, on which date it was marked fully submitted.

The Plaintiffs' Amended Complaints contain the same eight claims against the same two Defendants. They provide an identical set of facts, with pronouns changed, involving a police officer's treatment of Plaintiffs during and after a traffic stop and arrest occurring on April 28, 2013. Both Cotto and Arroyo are represented by Conway C. Martindale of The Legal Aid Society. Because the Court finds that these cases involve a

2

common question of law and fact, Fed. R. Civ. P. 42(a), the
cases are hereby consolidated for purposes of deciding this
motion to dismiss.[2] Because both motions have already been fully
briefed, the motions to dismiss filed in both cases are
addressed in this opinion, with consideration given to the full
set of arguments submitted in support and in opposition.

## II.  The Facts

The facts as set forth below are drawn from the two
Plaintiffs' First Amended Complaints ("FACs"). Because the
numbering and content is the same for the FACs, only one
citation is provided to refer to the contents of both FACs. The
facts are taken as true for purposes of the motion to dismiss.

On or about April 28, 2013, Arroyo met Cotto on East
187th Street in the Bronx, New York, and got in Cotto's car as
the passenger. FACs, Facts Sections, ¶¶ 1-4. Cotto drove toward
a local gas station, and when she reached the intersection of
East Tremont and Hughes Avenues in the Bronx, New York, she was
ordered to pull over by a police loud speaker. *Id.* ¶¶ 5-8.

---

[2] A previous order, *see* No. 15 Civ. 9123, ECF No. 15, requires
consolidated discovery for the two cases.

Cotto was not aware of any violation or infraction of any rule or regulation she had committed. *Id.* ¶ 9. Cotto was about her wits, and had not had any beverage or substance which would affect her perception or ability to manage her vehicle. *Id.* ¶ 10. The vehicle was functioning in normal operational capacity with no defects at the time of the incident. *Id.* ¶ 11.

Cotto complied and pulled over as soon as it was safe. *Id.* ¶ 12. Arroyo was then dragged out of the vehicle by multiple police officers, being forcefully made to exit against his will. *Id.* ¶¶ 13-14. Cotto witnessed this scene. *Id.* ¶ 15. Both Arroyo and Cotto were arrested. *Id.* ¶¶ 16-17. During the arrest, Arroyo and Cotto sustained bodily injuries, with Arroyo sustaining a black eye and back injuries and Cotto sustaining injury to her leg, resulting in the need for use of a cane to walk. *Id.* ¶ 18. Arroyo's injury resulted from being thrown to the ground and repeatedly beaten about the body and head for a period of time, and from being kicked by the police officer, who was wearing boots. *Id.* ¶¶ 19-21. Cotto's injury resulted from P.O. Coote repeatedly slamming the car door on her leg, from being maced directly in her face, and from being punched with a closed fist. *Id.*

4

Arroyo and Cotto were brought to the 48th Precinct and then to Central Bookings. *Id.* ¶ 22. They both mentioned repeatedly that they needed medical attention, and the extent of their injuries were clear and evident; however, no medical attention was sought. *Id.* ¶¶ 23-24. After being detained for two days, Arroyo and Cotto were arraigned. *Id.* ¶ 26. Bail was not set for Arroyo and he was released; bail for Cotto was set in the amount of $2,000, which she could not afford, and Cotto was sent to Rikers Island. *Id.* ¶ 27. All charges were ultimately dismissed on the basis that the lab report on the alleged crack cocaine found in the possession of Arroyo and Cotto during the traffic stop came back negative, noting no trace of any contraband. *Id.* ¶¶ 28-29.

Arroyo and Cotto both have needed to attend regular physical therapy sessions, have suffered emotional distress, and have not regained the ability to walk normally. *Id.* ¶¶ 30-32.

## III. The Applicable Standards

The Rule 12(b)(6) standard requires that a complaint plead sufficient facts to state a claim upon which relief can be

5

granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss under Fed. R. Civ. P 12(b)(6), all factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (quotation marks omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

6

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12-1312, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) and *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *see also Williams v. Calderoni*, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1, 2012). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

**IV.    The Motions to Dismiss the Amended Complaints Are Granted**

For the reasons set forth below, the Amended Complaints are dismissed with prejudice.

## A. The Federal Claims Against P.O. Coote Are Barred By The Statue of Limitations

All claims against defendant P.O. Coote are barred by the statute of limitations. Section 1983 does not provide for a specific statute of limitations for personal injury actions under state law. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (same). Under New York law, the statute of limitations for personal injury claims is three years. *See* N.Y. C.P.L.R. § 214(5). "Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations," *Hogan*, 738 F.3d at 517, that begins to accrue "when the plaintiff knows or has reason to know of the harm," *Shomo*, 579 F.3d at 181 (internal quotation marks omitted). *See Owens v. Okure*, 488 U.S. 235, 251 (1989), *aff'g* 816 F.2d 45 (2d Cir. 1987). Since Plaintiffs allege their various federal constitutional violations as having occurred on or about April 28, 2013, all claims accrued on or about that date, *see Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), and consequently, the three-year statute of limitations applicable to all of those claims expired on or about April 28, 2016. Although Plaintiffs filed their original Complaints on November 19, 2015, within the three-year period, they each

8

listed "John Doe" as the officer defendant. They did not identify P.O. Coote by name until they filed their First Amended Complaints on August 13, 2016 and October 5, 2016, about three and five months, respectively, after the lapse of the limitations period.

"John Doe" pleadings typically "cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.'" *Hogan*, 738 F.3d at 517 (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)). Substitutions of a party's name for John Doe, therefore, "may only be accomplished" if the amended pleading relates back to the date of the original complaint under Federal Rule of Civil Procedure 15(c). *Aslanidis*, 7 F.3d at 1075; *see also JCG v. Ercole*, No. 11-CV-6844, 2014 WL 1630815, at *12 (S.D.N.Y. Apr. 24, 2014) (same), *adopted by JCG v. Ercole*, No. 11-CV-6844 (CM) (JLC), 2014 WL 2769120 (S.D.N.Y. June 18, 2014). Rule 15(c) contains two subsections that are relevant here: Rule 15(c)(1)(C) and Rule 15(c)(1)(A). *See Hogan*, 738 F.3d at 517.

Plaintiffs' claims are untimely under Federal Rule of
Civil Procedure 15(c)(1)(C). For an amended complaint adding a
new party to relate back under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out
> in the original pleading; (2) the party to be brought
> in must have received such notice that it will not be
> prejudiced in maintaining its defense; (3) that party
> should have known that, but for a mistake of identity,
> the original action would have been brought against
> it; and (4) the second and third criteria are
> fulfilled within 120 days of the filing of the
> [timely] original complaint[.]

*Hogan*, 738 F.3d at 517 (modifications in original omitted)
(quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468-
69 (2d Cir. 1995)). Here, Defendants do not dispute that the
claims in the Amended Complaint arise out of the conduct
described in the original complaint. Instead, Defendants argue
that Plaintiffs cannot meet the third requirement for relation
back because under Rule 15(c)(1)(C) "the failure to identify
individual defendants when the plaintiff knows that such
defendants must be named cannot be characterized as a mistake."
*Barrow*, 66 F.3d at 470. In other words, "plaintiff[s'] failure
to know the identities of the individual [they] wishe[d] to sue
is not a 'mistake' as to their identity . . . disqualif[ying]
the plaintiff[s] from taking advantage of the doctrine." *Barrett
v. City of Newburgh*, No. 13-CV-4118 (NSR), 2017 WL 1102672, at
\*4 (S.D.N.Y. Mar. 23, 2017).

10

Defendants are correct; "lack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'" *Hogan*, 738 F.3d at 518 (citing *Barrow*, 66 F.3d at 470); *see also Ceara v. Deacon*, 68 F. Supp. 3d 402, 407 (S.D.N.Y. 2014) (same); *Vasconcellos v. City of New York*, No. 12 CIV. 8445 CM, 2014 WL 4961441, at *7 (S.D.N.Y. Oct. 2, 2014) (concluding that the plaintiff's claims did not relate back under Fed. R. Civ. P. 15(c)(1)(C) because the plaintiff was "ignorant" and not "mistaken" about the John Doe defendants' identities); *Strada v. City of New York*, No. 11-CV-5735, 2014 WL 3490306, at *10 (E.D.N.Y. July 11, 2014) (citing *Hogan* and explaining that "*Barrow* remains good law . . . and precludes [the] [c]ourt from finding that [the] [p]laintiff's failure to amend the [c]omplaint to name the individual officers was a mistake contemplated by Rule 15(c)"). Accordingly, because Plaintiffs cannot satisfy the third requirement, their amended pleadings cannot relate back under Rule 15(c)(1)(C). *See Hogan*, 738 F.3d at 518.

Plaintiffs' claims are also untimely under Federal Rule of Civil Procedure 15(c)(1)(A). An amended pleading relates back pursuant to 15(c)(1)(A) when "the law that provides the applicable statute of limitations allows relation back." Fed. R.

11

Civ. P. 15(c)(1)(A). In applying Rule 15(c)(1)(A), courts are "to look at the entire body of limitations law that provides the applicable statute of limitations." *Hogan*, 738 F.3d at 518. Because § 1983 "derives its statute of limitations from state law," the Court looks to New York State law. *Id.* Here, the applicable state law is § 1024 of the New York Practice Law and Rules ("CPLR"), which states:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. As the Second Circuit has recently held, CPLR § 1024 is in fact more forgiving in relating back complaints in the John Doe context. *See Hogan*, 738 F.3d at 518. Therefore, the Court must determine whether Plaintiffs may take advantage of § 1024. *See Wilson v. City of New York*, No. 03-CV-2495, 2006 WL 2528468, at \*2 (S.D.N.Y. Aug. 31, 2006) (noting that Rule 15(c)(1) directs courts to apply either state or federal law, whichever "affords a more forgiving principle of relating back") (internal quotation marks and citation omitted).

As an initial matter, a plaintiff may not designate a party as "John Doe" under § 1024 if he has actual knowledge of the party's identity. *See Deutsche Bank Nat. Trust Co. v. Turner*, 32 Misc. 3d 1202(A), 934 N.Y.S.2d 33, No. 10-CV-41152, 2011 N.Y. Slip Op. 51153(U), at *2 (Civ. Ct. Apr. 22, 2011); *Maurro v. Lederman*, 7 Misc. 3d 863, 795 N.Y.S.2d 867, 870 (Sup. Ct. 2005) ("An explicit prerequisite to the use of CPLR 1024 is plaintiff's ignorance of the defendant's name."). "If none of the name is known, then a completely fictitious name may be utilized. However, such a designation can only be made if the designating party does not know all or part of the other party's name; otherwise the party must be designated to the extent that his or her name is known." *First Fed. Savings & Loan Ass'n of Rochester v. Souto*, 158 Misc. 2d 219, 601 N.Y.S.2d 43, 44 (Civ. Ct. 1993); *see also Turner*, 2011 N.Y. Slip Op. 51153(U), at *2 (same). Here, Plaintiffs noted "Police Officer John Doe (48th Precinct)," in their original Complaints. *See* Compl., ECF No. 1. They describe him only as "an employee of the New York Police Department." *Id.* Accordingly, from the face of the original Complaints, it is apparent that Plaintiffs were, at the very least, ignorant "in part" of P.O. Coote's name for purposes of invoking CPLR § 1024.

Under CPLR § 1024, a plaintiff may substitute a named party for a John Doe party *nunc pro tunc* if the plaintiff meets two requirements: (1) "'exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name,' " and (2) "describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant.'" *Hogan*, 738 F.3d at 518-19 (quoting *Bumpus v. N.Y.C. Transit Auth.*, 66 A.D.3d 26, 883 N.Y.S.2d 99, 104 (2009)). To satisfy the first requirement - due diligence - a plaintiff must "show that he or she made timely efforts to identify the correct party before the statute of limitations expired." *Strada v. City of New York*, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting *Justin v. Orshan*, 14 A.D.3d 492, 492-93 (N.Y. App. Div. 2d Dep't 2005)) (quotation marks omitted). These efforts might include, *inter alia*, serving discovery demands on any known parties or seeking disclosures pursuant to a Freedom of Information Law ("FOIL") request. *Williams v. United States*, 2010 WL 963474, at *12 (S.D.N.Y. Feb. 25, 2010) (citing *Bumpus*, 66 A.D.3d at 33-34, 883 N.Y.S.2d 99). "Second, the party must describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant." *Hogan*, 738 F.3d at 519 (quoting *Bumpus*, 66 A.D.3d at 30, 883 N.Y.S.2d 99 and citing cases) (internal quotation marks and alteration omitted).

14

The Plaintiffs cannot satisfy § 1024 because they have
not met the first requirement - due diligence. Federal and New
York courts have held that where there is no indication in the
record that a plaintiff has exercised due diligence prior to the
expiration of the statute of limitations, a plaintiff is not
entitled to make use of the "John Doe" procedure provided in
CPLR § 1024. *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y.
2014); *see, e.g.*, *Vasconcellos*, 2014 WL 4961441, at *9 (noting
that "[n]othing before the [c]ourt indicate[d] that [the
plaintiff] took any steps to ascertain the [o]fficer
[d]efendants' identities prior to retaining counsel[,] . . . .
[t]he declaration submitted by [the plaintiff's] attorney
contain[ed] no indication that he exercised 'due diligence' to
identify the [o]fficer [d]efendants before [the expiration of
the statute of limitations,]" and the plaintiff's attorney "did
not file a [] demand or take any other steps to identify the
[o]fficer [d]efendants until after the initial conference [held
after the relevant statute of limitations expired], when the
court (not counsel) entered [an] order"); *Williams v. United
States*, No. 07-CV-3018, 2010 WL 963474, at *13 (S.D.N.Y. Feb.
25, 2010) (holding that despite the plaintiff's "limitations,
given his incarceration and *pro se* status," the plaintiff did
not show that "he exercised some due diligence in an attempt to

15

identify the [i]ndividual [d]efendants prior to filing the
[c]omplaint[,]" when the plaintiff "provided no information
regarding his pre-filing efforts to identify the [i]ndividual
[d]efendants") (italics and internal quotation marks omitted));
*cf. Lepore v. Town of Greenburgh*, 120 A.D.3d 1202, 992 N.Y.S.2d
329, 332 (2014) (holding that the Supreme Court erred in failing
to grant the defendants' motion to dismiss because plaintiffs
failed to identify the relevant John Does and serve them prior
to the expiration of the statute of limitations and "failed to
raise a triable issue of fact as to whether they exercised due
diligence in attempting to identify and serve the John Does such
that the applicable limitations periods had tolled or were
otherwise inapplicable").

        Though Plaintiffs do not discuss at length their
efforts to uncover the name of the John Doe defendant, from the
little information provided, "Plaintiff[s] appear[] to have
expended no efforts at all to identify the Individual
Defendants" in the many months between the filing of her
original Complaints and the filing of their Amended Complaints.
*Williams*, 2010 WL 963474, at *13. Plaintiffs simply state that
they "did not determine the officer's name until months after
the statute of limitations had r[u]n." Opp'n, No. 15 Civ. 9123,

ECF No. 50 at p. 3. Plaintiffs argue that it took so long to determine P.O. Coote's identity because the onus was on the City to "make . . . [an] investigation into what happened on said date, which would almost without a doubt include determining the officers that were on duty that day in the area and any officers named in the arrest of Plaintiff." *Id.* They assert that determining the identity of the unnamed officer was a task for the City merely upon service of the "initial filed Complaint[s]," *id.*, rather than service of any discovery demands, FOIL requests, contact with the Attorney General's office, or subpoenas. *Cf. Hogan*, 738 F.3d at 513, 519 (finding the due diligence requirement met where pro se plaintiff "summit[ed] over ten discovery demands and multiple requests under New York's Freedom of Information Law" and "submitted multiple discovery requests to the Attorney General's office as counsel for the named defendants").

In essence, Plaintiffs have explained that they relied exclusively on the City to determine the name of the John Doe police officer, without undertaking any efforts themselves. Such reliance is misplaced, as the Plaintiffs were required to "exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name." *Hogan*, 738 F.3d

at 518-19 (internal quotation marks and citations omitted)
(plaintiff met first requirement under § 1024 in that he
"diligently sought to identify the 'John Doe defendants' by
submitting 'multiple discovery requests to the Attorney
General's office'"); *Mabry v. New York City Dept. of
Corrections*, No. 05-CV-8133 (JSR) (JCF), 2008 WL 619003, at *6
(S.D.N.Y. March 7, 2008) (allowing relation-back where
plaintiff's first complaint was well within statute of
limitations and she "aggressively sought the identities of the
defendants").

            If Plaintiffs believed, as their opposition briefing
is read to assert, that the City's counsel was stonewalling
efforts to identify the John Doe officer, they "could have
timely pursued alternative avenues for obtaining discovery"; for
example, filing a FOIL request or notifying the Attorney
General's office or the Court. *Barrett*, 2017 WL 1102672, at *6
(citing *Temple v. New York Community Hospital*, 89 A.D.3d 926,
933 N.Y.S.2d 321, 323 (2011) (concluding that "the plaintiff
failed to exercise due diligence to discover the identity of the
John Doe defendants prior to the expiration of the statute of
limitations[,]" in part, because "[t]here [was] no indication in
the record that the plaintiff engaged in any pre-action

discovery or Freedom of Information Law . . . requests[,]" and
when the responses to "some limited discovery demands" were
"less than adequate, the plaintiff failed to promptly seek
further discovery, neglected to submit a properly executed
authorization to the disclosing party, and failed to properly
and promptly seek assistance from the . . . Court")). At no
point did Plaintiffs file a subpoena to attempt to identify P.O.
Coote prior to the close of the statute of limitations period,
*see* Docket Sheets, Nos. 15 Civ. 9123 and 16 Civ. 226, nor did
they ever notify this Court that Counsel for the City had
refused to cooperate with her efforts to identify the responding
officer, *id. Cf. Hogan*, 738 F.3d at 513, 519; *Ceara*, 68 F. Supp.
3d at 412 (finding the due diligence requirement met at the
motion to dismiss stage where a pro se plaintiff's "efforts to
identify [defendants] through the inspector general, his
notification to the Court of these efforts, and his amendment
naming the defendant when the Attorney General disclosed the
full identity pursuant to Order of Service").

Given that Plaintiffs have not shown that they
exercised due diligence to identify P.O. Coote prior to the
expiration of the statute of limitations, especially when
compared to the efforts of other plaintiffs in § 1983 cases, the

Court finds that the requirements of § 1024 are not met, and therefore, the First Amended Complaints do not relate back under Rule 15(c)(1)(C) or Rule 15(c)(1)(A). All federal law claims against P.O. Coote relating to the April 28, 2013 incident are time barred as of April 28, 2016 and are dismissed.

## B. Plaintiffs' Claims for Municipal Liability Under Section 1983 Are Dismissed

Plaintiffs' for municipal liability under *Monell* are dismissed as a matter of law because their allegations fail to support the inference that her claims resulted from official municipal policy, custom, or practice. Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality. *Id.* at 690-91; *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat* superior basis for the tort of its employee. *Coon v. Town of Springfield*, 404 F.3d 683, 686-87 (2d Cir. 2005) (citing *Monell*, 436 U.S.

658, 694); *see also Connick*, 563 U.S. at 60 (citing *Monell*, 436
U.S. at 691); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v.
Brown*, 520 U.S. 397, 404 (1997) ("[I]t is not enough for a §
1983 plaintiff merely to identify conduct properly attributable
to the municipality. The plaintiff must also demonstrate that,
through its deliberate conduct, the municipality was the 'moving
force' behind the injury alleged.").

        Thus, isolated acts of excessive force by non-
policymaking municipal employees are generally not sufficient to
demonstrate a municipal custom, policy, or usage that would
justify municipal liability. *Villante v. Dep't. of Corr.*, 786
F.2d 516, 519 (2d Cir. 1986) (citing *City of Oklahoma City v.
Tuttle*, 471 U.S. 808 (1985) (Brennan, J., concurring in part and
concurring in the judgment)). "On the other hand, such acts
would justify liability of the municipality if, for example,
they were done pursuant to municipal policy, or were
sufficiently widespread and persistent to support a finding that
they constituted a custom, policy, or usage of which supervisory
authorities must have been aware, or if a municipal custom,
policy, or usage would be inferred from evidence of deliberate
indifference of supervisory officials to such abuses." *Jones v.
Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (citing *Amnesty*

*Am. v. Town of W. Hartford*, 361 F.3d 113, 125-26 (2d Cir. 2004)).

Plaintiffs' Amended Complaints make no allegations that can support a *Monell* claim. Rather than allege any policy, pattern, or practice of misconduct, or any knowledge by the municipality of abuses and indifference to them, Plaintiffs allege only a single, isolated incident: their own. A "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Ricciuti v. NYC Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). To the extent the purported *Monell* claim is based on an alleged failure to screen, hire, train, and supervise its police officers, that claim fails because Plaintiffs do not "identify a specific deficiency in the city's training program and establish that that deficiency is 'closely related to [her] ultimate injury, such that it 'actually caused' [her] constitutional deprivation." *Green v. City of New York*, 465 F.3d 65, 81 (2d Cir. 2006) (quoting *Amnesty Am.*, 361 F.3d at 129). Such proof is necessary to ensure that "'the [police] officer's shortcomings . . . resulted from . . . a faulty training program' rather than from the negligent administration of a sound program." *Amnesty Am.*, 361 F.3d at 129 (internal

22

citation omitted). Here, Plaintiffs provide only vague and conclusory allegations of "officially promulgated policy," "custom and practice," and "failure to train," FAC at pp. 8-18, which are insufficient to support a *Monell* claim.

In sum, "apart from a detailed recounting of [their] own experiences, [Plaintiffs'] complaint[s] contain[] only 'general and conclusory allegation[s] that there was . . . a policy' to deny prisoners adequate medical care." *Schnauder v. Gibens*, 679 F. App'x 8, 10 (2d Cir. 2017) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 314-15 (2d Cir. 2015)). "Such allegations are insufficient to sustain or 'raise a reasonable expectation that discovery will reveal evidence'" in support of Cotto's claim. *Schnauder*, 679 F. App'x at 10 (quoting *Twombly*, 550 U.S. at 556).

### C.   **Plaintiffs' State Law Claims are Dismissed**

Plaintiffs' state law claims of malicious prosecution, intentional or reckless infliction of emotional distress, negligent infliction of emotional distress, and assault and battery liability against the City under *respondeat superior*, *see* FAC at pp. 20-22, are barred for failure to comply with New York's General Municipal Law §§ 50-e and 50-i. Generally, "in a

23

federal court, state notice-of-claim statutes apply to state-law claims." *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at \*10 (S.D.N.Y. Sept. 30, 2016) (quoting *Hazan v. City of New York*, No. 98-CV-1716, 1999 WL 493352, at \*6 (S.D.N.Y. July 12, 1999)). "Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality such as the City for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents, or employees." *Ferlito v. Cnty. Of Suffolk*, No. 06-5708 (DRH)(AKT), 2007 WL 4180670, at \*3 (E.D.N.Y. Nov. 19, 2007) (citing *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)).

Specifically, General Municipal Law §§ 50-e and 50-i specifically require that a plaintiff asserting state tort law claims against a municipal entity or its employees acting in the scope of employment: (1) file a Notice of Claim within ninety days after the incident giving rise to the claim, and (2) commence the action within a year and ninety days from the date on which the cause of action accrues. *See* N.Y. Gen. Mun. Law §§ 50-e and 50-i. Failure to comply with these requirements requires dismissal for failure to state a cause of action.

24

Here, although Plaintiffs filed their Notice of Claim within the required time period, they did not commence her action within the one year and ninety days from the date their causes of action accrued. *See* N.Y. Gen. Mun. Law § 50-i. Indeed, Cotto initially commenced this action on November 19, 2015, more than two years and 205 days after the April 28, 2013 incident upon which her claims are based, and Arroyo commenced his action even later. Moreover, Plaintiffs' malicious prosecution claims against P.O. Coote fail because, in addition to not serving P.O. Coote with service of process, Plaintiffs failed to commence their state law malicious prosecution claim within the one year and ninety days from the date their state law malicious prosecution causes of action accrued, which was on or before March 12, 2015.[3] *See* N.Y. Gen. Mun. Law § 50-i. Accordingly, all of Plaintiffs' state law causes of action are dismissed with prejudice.

In addition, Plaintiffs have conceded, both in briefing and in open court, that all state claims are barred. *See* Opp'n, No. 15 Civ. 9123, ECF No. 50 at p. 5.

---

[3] The City has stated that upon information and belief, the criminal case was dismissed on December 12, 2013.

## V.    Conclusion

The First Amended Complaints filed by Plaintiffs Cotto
and Arroyo are dismissed with prejudice.

It is so ordered.

**New York, NY**
**August** {{ **, 2017**

ROBERT W. SWEET
U.S.D.J.

26